In the Matter of GLEN OPERATING CORPORATION et al., Respondents, v. PUBLIC SERVICE COMMISSION et al., Respondents, and NEW YORK CITY HOUSING AUTHORITY, Intervenor-Appellant.

Third Department, February 8, 1965.

*Hays, Sklar & Herzberg* (*Ben Herzberg* and *Frederick F. Greenman, Jr.,* of counsel), for intervenor-appellant.

*Vincent P. Furlong* and *Kent H. Brown* for Public Service Commission, respondent.

*Whitman, Ransom & Coulson* (*Arthur L. Webber* of counsel), for Consolidated Edison Company of New York, Inc., respondent.

*Mumma, Crane, Costabell & Savarese (Charles J. Costabell* and *Robert E. Costello* of counsel), for Glen Operating Corporation and another, respondents.

*Leo A. Larkin, Corporation Counsel (Samuel Mandell* and *Francis I. Howley* of counsel), for the City of New York.

*Churchill Rodgers, Frank E. Roegge* and *Dean Tileson* for Metropolitan Life Insurance Company.

*Edward D. Burns* for Pratt Institute and others.

AULISI, J.   The petitioners in this article 78 proceeding contest the determinations which denied them conjunctional billing pursuant to the orders of the Public Service Commission which froze conjunctional billing for electric and gas service by Consolidated Edison to the customers who owned or leased certain buildings on the specified cut-off date and which determined that petitioners were not entitled to conjunctional billing.

Conjunctional billing is a billing procedure of the Consolidated Edison Company whereby the owner of more than one apartment or building within a certain defined proximity of one another receives a single utility bill for all of them, thus qualifying for the lower rates for large volume consumption.

Consolidated had requested the Public Service Commission in 1956 for permission to eliminate this billing procedure. The commission held numerous hearings on this question and determined on May 26, 1959, that conjunctional billing was unjustly discriminatory and should be discontinued. To avoid the hardships of immediate cancellation, however, the commission froze the situation. Only those customers who received this preference on May 31, 1959, would continue to be so billed. Thereafter, any change, such as in title ownership or destruction of the building, would end the preferential billing service.

Petitioners, although not incorporated until July, 1959, claim to be contract vendees of certain buildings which were conjunctionally billed before the cut-off date of May 31, 1959. They acquired from the lessees, Glen Oaks Village, Inc., and Windsor Oaks Corporation, leaseholds by assignments dated July 22, 1959, and July 15, 1959, respectively. This, of course, was after the cut-off date, but petitioners depend for their rights to conjunctional billing upon contracts made by one Arthur G. Cohen with said lessees on April 24, 1959, and May 18, 1959. The contracts provided that Mr. Cohen would sell and transfer said leases to a corporation to be formed for that purpose. Mr. Cohen is the president of both petitioners and as such signed and verified the petition in this proceeding. Petitioners argue that

the order of the commission allowing only actual customers prior to the cut-off date continuation of the special billing service is unreasonable in that it does not include contract vendees and that the order is unduly discriminatory.

Since the order of the commission freezing conjunctional billing this court has affirmed strict interpretations of that order by the commission. Conjunctional billing is admittedly unjust and its eventual elimination is the objective sought by the commission. Thus in *Matter of First Sterling Corp.* v. *Lundy* (14 A D 2d 193, affd. 11 N Y 2d 836) a subsidiary which was conjunctionally billed lost this special treatment when it was consolidated with its parent. This test of formal identity was again applied in *Matter of Queens Windsor Corp.* v. *Public Serv. Comm.* (17 A D 2d 865) where a corporation was refused conjunctional billing when it had prior to the cut-off date executed contracts for apartments which were conjunctionally billed, but completed the transfer and recorded the conveyance after the cut-off date.

This case raises the question of reasonable classification previously examined in the cited cases and numerous other determinations made by the commission enforcing its freeze order. It is our belief that the determinations of the Public Service Commission were reasonable. As Presiding Justice BERGAN wrote in the *Matter of First Sterling Corp.* (*supra,* p. 195) the so-called freeze order involves " not a right of general legal succession * * * but rather a problem of identity ".

The orders should be affirmed, without costs, and the determinations confirmed, with one bill of costs to respondents filing briefs.

GIBSON, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Orders affirmed, without costs. Determinations confirmed, with one bill of costs to respondents filing briefs.